FREEMANN LAW OFFICES
A PROFESSIONAL CORPORATION
Scott Bennett Freemann
2401 Walnut Street, Suite 302
Philadelphia, PA 19103
(215) 564-7400

CARLSON, GASKEY & OLDS, P.C.
Theodore W. Olds, III
John M. Siragusa
Brian S. Tobin
*To seek pro hac vice admittance*
400 West Maple Road, Ste. 350
Birmingham, MI 48009
248-988-8360

Counsel for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**CHOON'S DESIGN INC.,**
a Michigan corporation,

      Plaintiff

                                        Case No.:

v.

**ARCO INTERNATIONAL INC.,**
a New Jersey corporation,

      Defendant.

## COMPLAINT AND JURY DEMAND

NOW COMES Choon's Design Inc. ("Choon's"), by and through its attorneys, Freemann Law Offices A Professional Corporation and Carlson, Gaskey & Olds, P.C., and for its Complaint against Defendant Arco International Inc. ("Defendant") states as follows:

## PARTIES

1.    Choon's Design Inc. is a Michigan limited liability company having its primary place of business at 48813 West Road, Wixom, Michigan 48393.

1

2.      Arco International Inc. is a New Jersey corporation having a place of business at 11 American Way, #17, Spotswood, NJ 08884.

## JURISDICTION AND VENUE

3.      This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question), § 1332 (diversity), and § 1338(a) (patents and copyrights).

4.      Defendant is subject to personal jurisdiction in this Court.  In particular, this Court has personal jurisdiction over Defendant because it has engaged in continuous, systematic and substantial activities within this judicial district, including the marketing and sales of products in this judicial district.  Furthermore, upon information and belief, this Court has personal jurisdiction over Defendant in this case because it has committed acts giving rise to Choon's claims within and directed to this judicial district.  Further, Defendant has sold and shipped products to customers located in this judicial district, including selling to A.C. Moore, which in turn sold these products to consumers in this judicial district.

5.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400 (a).

## BACKGROUND

6.      In late 2011, Choon's introduced its Rainbow Loom product – a loom designed to be used with rubber bands to form links for making bracelets, necklaces, and even bags and other items – to the market ("the Rainbow Loom").

7.      Choon's introduced the Rainbow Loom by selectively placing it in specialty toy and craft stores.  Choon's did not initially sell the product to any retail chains—although it does now.

8.      Notwithstanding, the Rainbow Loom product was, from the get go, received with great fanfare and accomplished almost immediate and monumental success—even without any relationships with retail chains.

9.      In an article dated July 19, 2013 (attached as **Exhibit A**), one store owner noted "[w]e are selling the Rainbow Loom like crazy!"  The article further notes that the Rainbow Loom is "[t]he summer obsession … [and] … is flying off shelves so quickly that stores can't keep them in stock for long," and that the popularity of the Rainbow Loom has "'spread like wildfire throughout the country,' especially with kids 5 to 15."

10.     Choon's founder, Cheong Choon Ng, has been featured on the NBC's TODAY show              (http://www.today.com/style/new-silly-bandz-rainbow-loom-bracelets-hit-kids-6C10920802) and his amazing success story has been detailed in a number of publications. Copies of a few of the published articles, such as those in The Wall Street Journal, The New York Times, and Crain's Detroit Business are attached as **Exhibit B**.

11.     Undoubtedly, the Rainbow Loom has become a smash hit within the toy industry. Recently, Choon's was awarded the coveted "Toy of the Year" award at the 14th Annual Toy of the Year Awards held in New York City.  Choon's also received awards for "Activity Toy of the Year," "Girl Toy of the Year," and "Specialty Toy of the Year."  A press release from the Toy Industry Association is attached as **Exhibit C**.

12.     Since its introduction into the market, Choon's has sold more than seven million Rainbow Looms.  Of course, Choon's has also sold large volumes of other complementary products that are used with the Rainbow Loom such as rubber bands and C-clips (which are used to hold the two ends of a necklace or bracelet together).

13.     Choon's tremendous success has led to numerous copycats trying to capitalize on Choon's hard work.  For instance, after taking note of Choon's great success, Defendant has begun selling its own loom kit, the "Loom Bands Kit" (shown in **Exhibit D**), which comes with a loom, rubber bands, and clips, among other things.  Defendant also sells the rubber bands and clips separately in a "Loom Bandz" packet (shown in **Exhibit E**).

14.     Even worse, Defendant has copied Choon's promotional materials, and uses Choon's materials to advertise and sell its own loom product.  For example, the Loom Bands Kit and the Loom Bandz packets prominently display a copyrighted photograph on its packaging. **Not only is this a photo taken directly from Choon's website and product packaging, but the photo actually includes the hands and arms of Mr. Ng's wife and daughters.**

15.     Choon's has registered the photograph of Mr. Ng's wife and daughters with the United States Copyright Office.  A copy of Choon's Copyright Registration No. VAu 1-139-828 for the "Rainbow Loom Hands" photograph, along with the corresponding photograph, is attached as **Exhibit F**.  Choon's is the owner by assignment of all right, title and interest in this work.

16.     Below is a comparison of Choon's registered "Rainbow Loom Hands" photograph alongside the photographs displayed on the Loom Bands Kit and the Loom Bandz packets.  Without question, Defendant copied Choon's photograph.

| Choon's "Rainbow Loom Hands" | Defendant's Loom Bands Kit |
|---|---|
|  | |

(Exhibit F) / (Exhibit D)

| Choon's "Rainbow Loom Hands" | Defendant's Loom Bandz packets |
|---|---|
|  | |

(Exhibit F) / (Exhibit E)

17. Choon's also owns several U.S. patents that cover its Rainbow Loom. One such patent is United States Patent No. 8,485,565 ("the '565 patent"), entitled "Brunnian Link Making Device and Kit," which was issued on July 16, 2013 by the United States Patent and Trademark Office. A true and correct copy of the '565 patent is attached hereto as **Exhibit G**.

18. The '565 patent names Cheong Choon Ng as inventor.

19. Choon's is the owner by assignment of all right, title and interest in the '565 patent.

20. The '565 patent generally relates to, *inter alia*, a novel method and device for creating a linked item.

21. Defendant's Loom Bands Kit infringes claims 2-4, 9, and 12-18 of Choon's '565 patent.

## COUNT I – COPYRIGHT INFRINGEMENT

22.     Choon's incorporates and re-alleges Paragraphs 1 through 21 as each were fully set forth herein.

23.     Choon's copyrighted work contains original material that is copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 *et seq.*

24.     Under § 106 of the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*, Choon's has distinct and exclusive rights including but not limited to the rights to reproduce, prepare derivative works, distribute, and display its copyrighted work. 17 U.S.C. § 106(1)-(3), (5).

25.     Choon's brings this action for copyright infringement under the United States Copyright Act to combat the willful and intentional infringement of his exclusive rights to his creative work.  Defendant has knowingly and illegally reproduced and distributed Choon's copyrighted work.  Upon information and belief, Defendant continues to do so.  Defendant has profited considerably through its infringement and illegal acts.  Accordingly, Choon's seeks injunctive relief to prevent or limit future infringement, statutory or actual damages for Defendant's past and present willful copyright infringement, an award of its costs and attorneys' fees, and damages based on Defendant's unjust enrichment that has resulted from Defendant's unauthorized use of Choon's copyrighted work.

26.     Defendant's actions with regard to Choon's copyrighted work constitutes copyright infringement in violation of 17 U.S.C. § 501.

27.     Without Choon's consent, authorization, permission, approval or license, Defendant knowingly, willfully and unlawfully infringed on Choon's copyright by copying Choon's copyrighted work.

28.     Without Choon's consent, authorization, permission, approval or license, Defendant knowingly, willfully and unlawfully infringed on Choon's copyright by licensing or

otherwise distributing or selling or displaying products, namely the Loom Bands Kit and the Loom Bandz packets, including Choon's copyrighted work to third parties.

29.     By unlawfully copying, distributing, displaying and preparing derivative works of Choon's copyrighted Rainbow Loom Hands photograph, Defendant has violated Choon's exclusive rights under 17 U.S.C. § 106.

30.     As a direct and proximate result of the foregoing, Choon's is entitled to statutory damages for the infringements complained of herein, including costs and reasonable attorneys' fees pursuant to 17 U.S.C. §§ 504 and 505.

31.     Moreover, Choon's will continue to be damaged and irreparably injured unless such acts of infringement are permanently enjoined.

## COUNT II – DIRECT INFRINGEMENT OF THE '565 PATENT

32.     Choon's incorporates and re-alleges Paragraphs 1 through 31 as each were fully set forth herein.

33.     The '565 patent remains valid, enforceable and unexpired.

34.     Upon information and belief, Defendant is directly infringing and has directly infringed the '565 patent, including, without limitation, by making, using, selling, offering for sale, and/or importing, without license or authority, the Loom Bands Kit which is covered by the '565 patent.

35.     The Loom Bands Kit falls within the scope of claims 2-4, 9, and 12-18 of the '565 patent. Upon information and belief, Defendant directly infringes claims 2-4, 9, and 12-18 of the '565 patent.

36.     Upon information and belief, Defendant has actual knowledge of the '565 patent and knowledge of its infringement of the '565 patent.

37.     Upon information and belief, Defendant's infringement has been and continues to be willful and deliberate.

38.     As a result of Defendant's infringement, Choon's will suffer severe and irreparable harm, unless that infringement is enjoined by this Court, and has suffered substantial damages.

## COUNT III – CONTRIBUTORY INFRINGEMENT OF THE '565 PATENT

39.     Choon's incorporates and re-alleges Paragraphs 1 through 38 as each were fully set forth herein.

40.     As described in Count II, the Loom Bands Kit and the use of the Loom Bands Kit fall within the scope of claims 2-4, 9, and 12-18 of the '565 patent.

41.     Upon information and belief, with knowledge of the '565 patent, Defendant has contributed to and continue to contribute to the infringement of the '565 patent under 35 U.S.C. § 271(c) by selling, offering to sell and/or importing the Loom Bands Kit for use by its customers.  Defendant's customers directly infringe the '565 patent by using the Loom Bands Kit to create linked items from elastic bands.

42.     Upon information and belief, the Loom Bands Kit is marketed and sold to customers who use it to create linked items for elastic bands.  By following the instructions provided by Defendant, customers who use the Loom Bands Kit directly infringe the '565 patent.

43.     Upon information and belief, Defendant's Loom Bands Kit has no substantial non-infringing use for at least the reason that the Loom Bands Kit can only be used to directly infringe the '565 patent.  In other words, when Defendant's instructions are followed, the Loom Bands Kit is only used in an infringing manner, and is only advertised by Defendant for such an

infringing use.  See the instructions, which are included in the Loom Bands Kit, attached as **Exhibit H**.

44.     Upon information and belief, the accused Loom Bands Kit also constitutes a material part of the invention of the '565 patent for at least the reason it is the very product used to practice the invention of the '565 patent.

45.     Upon information and belief, Defendant knows that the accused Loom Bands Kit is especially made or especially adapted for use in an infringement of the '565 patent for at least the reason that the Loom Bands Kit is advertised, sold, and/or offered for sale only to create linked items from elastic bands in a manner covered by the '565 patent.

46.     Upon information and belief, Defendant has actual and/or constructive knowledge of the '565 patent and that Defendant's customers' use of the accused Loom Bands Kit directly infringes claims 2-4, 9, and 12-18 of the '565 patent.

47.     Upon information and belief, at the very least, Defendant was willfully blind as to the existence of the '565 patent, and therefore willfully blinded itself to its customers' direct infringement of the '565 patent resulting from its use of the Loom Bands Kit.

48.     As a result of Defendant's contributory infringement, Choon's will suffer severe and irreparable harm, unless the infringement is enjoined by this Court, and has suffered substantial damages.

## COUNT IV – INDUCED INFRINGEMENT OF THE '565 PATENT

49.     Choon's incorporates and re-alleges Paragraphs 1 through 48 as each were fully set forth herein.

50.     Upon information and belief, with knowledge of the '565 patent, Defendant has induced to and continue to induce to the infringement of the '565 patent under 35 U.S.C. §

271(b) by selling, offering to sell and/or importing the Loom Bands Kit and its replacement rubber bands for use by its customers.  Defendant's customers directly infringe by using the Loom Bands Kit and the replacement rubber bands to create linked items.

51.     Defendant specifically intended its customers to infringe claims 2-4, 9, and 12-18 of the '565 patent and knew that its customers' acts constituted infringement.  Upon information and belief, despite a high likelihood that its actions would induce its customers' direct infringement of the '565 patent, Defendant marketed and sold the Loom Bands Kit and replacement rubber bands to its customers to practice the claimed invention.  Defendant's customers directly infringe the '565 patent by creating linked articles from elastic bands by following the instructions provided within the Loom Bands Kit.

52.     With regards to the rubber bands, Defendant induced third parties to infringe claims 2-4, 9, and 12-18 of the '565 patent by selling its rubber bands for use on the Loom Bands Kit.

53.     Upon information and belief, Defendant knew that its customers' actions, when performed, would directly infringe the '565 patent.

54.     Upon information and belief, Defendant has not made any changes to the Loom Bands Kit despite its knowledge of the '565 patent.

55.     Upon information and belief, Defendant has not made any changes to any of its publically available instructional materials, despite its knowledge of the '565 patent.

56.     Upon information and belief, despite having actual knowledge of the '565 patent, Defendant continues to actively induce infringement of the '565 patent by continuing to promote the infringing Loom Bands Kit and Loom Bandz packets. Defendant intended its customers to directly infringe the '565 patent, or at the very least, were willfully blind to the fact that

Defendant's customers' use of the infringing Loom Bands Kit and replacement rubber bands would directly infringe the '565 patent.

57.    Upon information and belief, Defendant has actual knowledge of the '565 patent.

58.    As a result of Defendant's inducement of infringement, Choon's will suffer severe and irreparable harm, unless that infringement is enjoined by this Court, and has suffered substantial damages.

## **PRAYER FOR RELIEF**

Choon's respectfully requests that this Court enter judgment in its favor and against Defendant on all counts of this Complaint.  Choon's specifically requests that this Court:

A.    Require, as a consequence of Defendant's infringement of Choon's copyright, that Defendant pay Choon's (i) such damages as Choon's has sustained, and all gains, profits and advantages derived by Defendant resulting from infringement of Choon's copyright, or (ii) the maximum statutory damages recoverable pursuant to 17 U.S.C. § 504;

B.    Require Defendant to pay Choon's increased statutory damages for willful infringement pursuant to 17 U.S.C. § 504;

C.    Require Defendant to pay Choon's costs and attorney fees incurred in bringing this action in accordance with 17 U.S.C. § 505;

D.    Award Choon's damages for unjust enrichment in an amount to be determined at trial, plus interest, costs and actual attorney fees;

E.    Enter a permanent injunction enjoining and restraining Defendant and its subsidiaries, officers, directors, employees and agents from further infringing on Choon's copyright; and

F.    Enter an order adjudging that Defendant has infringed the '565 patent;

11

G.      Enter an order adjudging Defendant to have willfully infringed the '565 patent;

H.      Grant permanent injunction enjoining Defendant and its officers, directors, agents, servants, employees and those persons in active concert or participation with Defendant from directly or indirectly infringing the '565 patent in violation of 35 U.S.C. §271;

I.      Award damages adequate to compensate Choon's for Defendant's infringement of the '565 patent;

J.      Award damages adequate to compensate Choon's for infringement including those damages provided for in 35 U.S.C. §154(d).

K.      Enter an order for a trebling of damages and/or exemplary damages because of Defendant's willful infringement pursuant to 35 U.S.C. §284;

L.      Enter an order adjudging that this is an exceptional case;

M.      Award Choon's of its attorney fees and its costs and expenses incurred in connection with this action pursuant to 35 U.S.C. §285 and as permitted under Choon's other claims;

N.      Enter an order requiring Defendant to file with the Court and serve upon Plaintiff, within thirty (30) days after the entry of such order or judgment, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the injunction;

O.      Enter an order awarding to Choon's actual damages and an accounting of Defendant's profits, including any statutory enhancements on account of the willful nature of Defendant's acts;

P.      Award prejudgment and post-judgment interest and costs of this action; and

Q.      Award Choon's any other appropriate legal or equitable relief this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed R. Civ. P. 38(b) and 5(d), Plaintiff demands a trial by jury for all issues

so triable.

Respectfully submitted,

FREEMANN LAW OFFICES
A PROFESSIONAL CORPORATION

s/ Scott Bennett Freemann
Scott Bennett Freemann
2401 Walnut Street, Suite 302
Philadelphia, PA 19103
(215) 564-7400


CARLSON, GASKEY & OLDS, P.C.
Theodore W. Olds, III
John M. Siragusa
Brian S. Tobin
*To seek pro hac vice admittance*
400 West Maple Road, Ste. 350
Birmingham, MI 48009
248-988-8360